**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00454-DOC-KES                                    Date:  March 24, 2026

Title: Seyed Mohsen Nowruzpour Mehrian v. U.S. Cotton LLC et al

PRESENT:              THE HONORABLE DAVID O. CARTER, JUDGE

Karlen Dubon                                          Not Present
Courtroom Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFF:                                            DEFENDANT:
None Present                                          None Present

PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO
STATE COURT SUA SPONTE

On the Court's own motion, the Court hereby **REMANDS** this case to the
Superior Court of California, County of Orange.

**I.      Background**

This is a personal injury action. Plaintiff Seyed Mohsen Nowruzpour Mehrian
("Plaintiff") alleges that on January 28, 2025 "Plaintiff sustained an injury to his left ear
while using a defective cotton swab that was manufactured and sold by the Defendant"
because "[d]uring use, a sharp foreign object within the cotton swab punctured Plaintiff's
left ear, causing immediate pain and bleeding, followed by permanent hearing loss and
related symptoms." Complaint ("Compl.") (Dkt. 1-2) ¶ 1. Plaintiff purchased cotton
swabs from Walmart online on October 7, 2024. *Id.* ¶ 10.  Then on January 28, 2025 he
placed the cotton swab in his ear and felt instant paid and noticed blood on the cotton
swab along with a sharp object protruding from it. *Id.* ¶¶ 11-12. Plaintiff then went to to
doctor and underwent surgery. *Id.* ¶¶ 13-14. He now suffers from "permanent hearing
loss, discomfort, anxiety and trauma." *Id.* ¶ 15. Plaintiff claims that post-injury analysis
showed that the cotton swab contained "plant sclerenchyma tissue, a sharp, rigid foreign
object typically found in cotton plants, which the manufacturer failed to detect and
remove during the manufacturing process." *Id.* ¶ 16.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00454-DOC-KES                                    Date: March 24, 2026
                                                                                        Page 2

Plaintiff now brings claims negligence,  three forms of strict products liability (failure to warn, manufacturing defect, and design defect), and breach of implied warranty. *See generally* Compl.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on January 12, 2026. Notice of Removal ("Not.") (Dkt. 1) at 1. On February 26, 2026 Defendants U.S. Cotton, LLC and Parkdale Mills, Inc. ("Defendants") removed the action to this Court, asserting diversity jurisdiction. *Id*. Defendant Walmart Inc. also consented to removal. Declaration of Mike Cohen ("Cohen Decl.) (Dkt. 1-1) ¶ 10.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00454-DOC-KES                                      Date: March 24, 2026
                                                                                Page 3

*Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00454-DOC-KES                                    Date: March 24, 2026
                                                                              Page 4

### III.     Discussion

Defendant argues that this Court has diversity jurisdiction in this action. Not. at 1. The Court disagrees.

Defendants marshal two theories in support of their argument that the amount in controversy exceeds $75,000. First, Defendants claim that Plaintiff's counsel indicated "during informal negotiations, that he is seeking $4,000,000 in damages." Defendants cite no evidence or supporting documentation to support this claim. Settlement demands can serve as proper evidence to show that the $75,000 amount-in-controversy threshold is met if they "reflect a reasonable estimate of the plaintiff's claim." *Ives v. Allstate Ins. Co.*, 504 F. Supp. 3d 1095, 1098 (C.D. Cal. 2020) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). However, here Defendant seeks to rely entirely on an an uncredited allegation of one comment made during settlement negotiations. That is a bridge too far. "Conclusory allegations as to the amount in controversy are insufficient." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017)); *see also Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) ("[R]emoval 'cannot be based simply upon conclusory allegations' where the ad damnum is silent." (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir. 1995)). To allow Defendants to remove cases simply based on an unsworn allegation regarding settlement negotiations would permit defendants to remove any state court cases entirely based on their say-so. That cannot be condoned. Indeed, Defendants here attached a sworn declaration from the their counsel, but that declaration makes no mention of this apparent settlement demand by Plaintiff. *See generally* Cohen Decl. Had Defendant's counsel declared to the alleged settlement demand at issue under penalty of perjury this would be a different story, but that scenario is not before the Court.

Second, Defendants claim that "[e]ven from the face of the Complaint, it is apparent that Plaintiff will be seeking more than $75,000." Not. at 6. Defendants also cite to paragraphs 14 and 15 of the Complaint in support of this claim. *Id.* However, nowhere in the Complaint does it demand a specific amount of damages or otherwise indicate that Plaintiff is seeking more than $75,000. *See generally* Compl. Simply, Defendant has not met its burden to show that the amount in controversy requirement is satisfied.

Defendant does not provide any concrete facts showing that Plaintiff's alleged injuries might result in damages over $75,000. Defendant recites the extent of Plaintiff's injuries, Not. at 6, but does not connect these alleged injuries to any specific amount of damages. While Plaintiff *might* have suffered injuries warranting an amount over

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00454-DOC-KES                                    Date: March 24, 2026
                                                                                      Page 5

$75,000, the record before the Court today does not support that. Furthermore, this Court does not include speculative damages, such as attorneys' fees or emotional distress damages, when calculating the amount in controversy. *See Traxler*, 596 F.3d at 1011; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Because Defendant has not satisfied their burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision here is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00454-DOC-KES                          Date: March 24, 2026
                                                                                     Page 6

## IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the
Superior Court of Orange County. All pending hearings are hereby vacated and removed
fom calendar.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                          Initials of Deputy Clerk: kdu
CIVIL-GEN